928 F.2d 412
 37 Cont.Cas.Fed. (CCH) 76,085
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The UNITED STATES, Appellant,
v.
TURNER CONSTRUCTION CO., INC., Tab Services, Inc., Watson
Electrical Construction Company, Inc., Crawford Sprinkler
Company, Inc., Industriotech Constructors, Inc., and Johnson
Controls, Inc., Appellees.
 No. 90-1339.
 United States Court of Appeals, Federal Circuit.
 Feb. 20, 1991.
 
 ASBCA
 AFFIRMED.
 Before NIES, Chief Judge, and PAULINE NEWMAN and ARCHER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The United States (government) appeals from the final decision of the Armed Services Board of Contract Appeals (ASBCA or board), ASBCA Nos. 25447, 29472, 29591, 29592, 29593, 29830, 29851, and 29852 (January 10, 1990), sustaining Turner Construction Co., Inc.'s (Turner) appeals on behalf of five subcontractors for damages under Contract No. uaw-dn-fcgdresulting from the delayed completion of the National Institute of Environmental Health Sciences (NIEHS) research facility at Research Triangle Park, North Carolina. We affirm.
 
 OPINION
 
 2
 In United States v. Johnson Controls, Inc., 713 F.2d 1541, 1551 (Fed.Cir.1983), we held that the ASBCA did not have jurisdiction over Johnson's claim, and in doing so determined that "Turner was not ... acting as an agent of the government for the purpose of establishing privity between the government and Johnson." Notwithstanding our decision and without even citing it, the board unnecessarily devoted forty-five single-spaced pages of its opinion to an examination of the relationship between Turner and the government and found somewhat ambiguously "that Turner acted as the government's advisor and representative under the close control and supervision of the Government." While the board's finding might be construed as being contrary to Johnson, as the government contends, the government must demonstrate that such an error was harmful. 28 U.S.C. Sec. 2111 (1988); see SmithKline Diagnostics, Inc. v. Helena Laboratories Corp., 859 F.2d 878, 892 (Fed.Cir.1988).
 
 
 3
 The board's conclusions regarding the causes of delay and the government's liability are supported by a gargantuan opinion of 354 single-spaced pages that includes detailed fact findings with extensive citations to the record. The government has not demonstrated that any of the findings necessary to liability are unsupported by substantial evidence and has not persuaded us that there was error in the application of the law to the facts. See SmithKline, 859 F.2d at 892 ("On appeal it is [the appellant's] burden to show not only that the [trial court] erred, but also to persuade this court that had such an error not occurred the result might have been different."). We therefore cannot say that the government was prejudiced by the allegedly erroneous finding on the relationship between Turner and the government.
 
 
 4
 As to the government's remaining contentions, the board carefully examined the testimony supporting the critical path method (CPM) charts prepared by Messrs. Nixon and Brower and the evidence pertaining to the termination of the subcontract of Johnson Controls, Inc. (JCI). Fully twenty-six pages of the board's opinion were devoted to the CPM charts and seven pages to the JCI issue. The board articulated its reasons for rejecting Brower's chart and relying on Nixon's chart, and we are not persuaded that the board erred. Most of the government's argument is directed to credibility of witnesses and reliability of their testimony. These are determinations for the board to make. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985). Similarly, the government has resurrected previously-made arguments regarding the termination of JCI's subcontract. We are not convinced that the board erred in holding that the termination was for the convenience of the government.